FILED

08/03/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0587

DA 19-0587

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2021 MT 197

STATE OF MONTANA,

   Plaintiff and Appellee,

 v.

MARK ALAN MENDOZA,

   Defendant and Appellant.

APPEAL FROM: District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DC 19-16
Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

     Colin M. Stephens (argued), Smith & Stephens, P.C., Missoula, Montana

     Chad M. Wright, Office of the Appellate Defender, Helena, Montana

   For Appellee:

     Austin Knudsen, Montana Attorney General, Bree Gee (argued), Assistant
Attorney General, Helena, Montana

     Steven N. Eschenbacher, Lake County Attorney, Polson, Montana

      Argued and Submitted: June 16, 2021

        Decided: August 3, 2021

Filed:

     _____
         Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Defendant and Appellant Mark Alan Mendoza (Mendoza) appeals from the August 16, 2019 Judgment issued by the Twentieth Judicial District Court, Lake County, denying him full credit for all days he spent incarcerated from the date he was served with the arrest warrant through sentencing.

¶2 We restate the issue on appeal as follows:

*Whether Mendoza's sentence on his DUI is illegal due to the District Court's failure to credit him for each day of incarceration from the date he was served with the arrest warrant through the date of the court's imposition of sentence.*

¶3 We reverse and remand to the District Court to amend the Judgment to provide Mendoza credit against his sentence for the time he served from December 5, 2017, the date he was served with the arrest warrant, to July 18, 2019, the date he was sentenced—approximately 579 days.

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 Mendoza was charged by citation in Lake County, Montana, for felony Driving Under the Influence of Alcohol or Drugs (DUI) on September 3, 2015. He failed to appear for his initial appearance, and a warrant was issued for his arrest on September 9, 2015. The arrest warrant set bond at $25,000. While incarcerated in Gallatin County, Montana,[1]

---

[1] Mendoza was arrested December 3, 2017, in Gallatin County and charged with DUI. He remained in the Gallatin County Detention Center until he was sentenced to a two-year commitment to the DOC, followed by a suspended five-year term, with credit for 290 days pre-sentence incarceration on September 18, 2018. During this time Mendoza was also charged with a felony DUI in Missoula County, Montana. Mendoza was adjudged guilty of the DUI in Missoula County on January 7, 2019, and sentenced to 24 months to the DOC to run concurrently with the Gallatin County sentence. Any credit Mendoza would receive under the Gallatin County

2

Mendoza was served with the Lake County arrest warrant on December 5, 2017. Mendoza appeared on the warrant before the Justice of the Peace on January 9, 2019, and was arraigned on the DUI offense on January 31, 2019.

¶5 Pursuant to a plea agreement—which specifically provided Mendoza "shall receive credit for any time served on these charges"—Mendoza entered a guilty plea to the DUI on March 21, 2019. On June 11, 2019, Mendoza filed a Motion to Dismiss for Lack of Speedy Trial, asserting a due process violation by the near two-year delay between the date he was served with the arrest warrant on December 5, 2017, and the date he made an initial appearance on January 31, 2019. At the sentencing hearing discussion was had regarding the delay in appearance as well as credit for time served. Mendoza argued that as the Lake County warrant was holding him on this case, he should be entitled to credit for all time from the date he was served with the warrant through the date of sentencing. The State indicated that after the Justice Court warrant was issued, "for whatever reason the justice court did not bring him over until he had resolved [the Gallatin and Missoula County] charges" and argued, "He was on some kind of bond in those [Gallatin and Missoula County] cases. The State objects to him receiving double time credit . . . ." The District Court commented, "Well, someone was also holding him." As Mendoza did not reserve

---

sentence would merge with his sentence from Missoula County. Section 46-18-401(3), MCA; *State v. Tracy*, 2005 MT 128, ¶ 28, 327 Mont. 220, 113 P.3d 297 (superseded by statute). Mendoza appealed his conviction and sentence from Gallatin County on other grounds. *State v. Mendoza*, No. DA 18-0637, 2020 MT 306N, 2020 Mont. LEXIS 2568.

3

the right in the plea agreement to make his due process claim, the court denied it. The court determined, despite the Lake County warrant being served on Mendoza and it imposing an active hold, Mendoza was not entitled to credit for the time he was also being held pursuant to the Gallatin and Missoula County matters. In discussing what credit to provide, the court addressed Mendoza's argument that he was entitled to credit for all days from the date he was served with the warrant through the date of sentencing regardless of whether he was also being held by other counties for some of that time. The court noted, "You know what? We're going to let the supreme court sort this out." Following further discussion the court noted, "Well, to the extent that we have to add those additional days in, they should be determined. I'm not going to do the math." Ultimately, the court provided Mendoza 192 days credit for the time after the sentence in the Gallatin County matter was imposed to the date of sentencing. Mendoza appeals.

¶6     Following submission of appellate briefs, we ordered this matter consolidated with *Killam v. Salmonsen*, No. OP 20-0583, for purposes of conducting oral argument. Oral argument was held before this Court on June 16, 2021. At oral argument, Mendoza asserted he was served with an arrest warrant on December 5, 2017, which set bond at $25,000. He did not ever post the bond and remained incarcerated to July 18, 2019, the date he was sentenced. He asserts, pursuant to § 46-18-403(1), MCA, he was entitled to credit for all time from December 5, 2017 to July 18, 2019, as he was incarcerated, the DUI offense was a "bailable offense" and indeed bail was set on the offense at $25,000, he never posted the bail, and he was subject to a judgment of imprisonment. Mendoza asserts this Court's

4

application of § 46-18-403(1), MCA, in *State v. Kime*, 2002 MT 38, 308 Mont. 341, 43 P.3d 290, and *State v. Pavey*, 2010 MT 104, 356 Mont. 248, 231 P.3d 1104, violated the plain language of the statute and should be overruled. Mendoza further points to the enactment of § 46-18-201(9), MCA, in 2017, which provides that a sentencing court must give credit for pre-trial or pre-sentencing incarceration regardless of whether the defendant was also held in relation to another criminal matter. Mendoza maintains that § 46-18-201(9), MCA (2017), either solidifies the existing law or, alternatively, newly mandates that sentencing courts must provide credit for time served before trial or sentencing.

¶7 The State argues Mendoza is not entitled to credit for time served from December 5, 2017, the date Mendoza was served with the arrest warrant, but rather is only entitled to credit from the date his Gallatin and Missoula County cases were resolved. The State, using a different definition of "bailable offense" than that set forth in § 46-9-102, MCA, argued Mendoza was not incarcerated on a "bailable offense" as had he posted the bond set on the Lake County DUI, he would not have been released prior to resolution of the Gallatin and Missoula County DUIs as he was still being held on those other charges.[2] The

---

[2] Section 46-18-403(1), MCA (2017), titled Credit for Incarceration Prior to Conviction, provides:
> A person incarcerated on a bailable offense against whom a judgment of imprisonment is rendered must be allowed credit for each day of incarceration prior to or after conviction, except that the time allowed as a credit may not exceed the term of the prison sentence rendered.

Section 46-18-403(1), MCA (2017).

Section 46-9-102, MCA, bailable offenses, provides:

5

State asserts that any pre-sentence incarceration should only be counted once and not applied toward each sentence, regardless of whether bail was set on each charge, when an offender faces charges in multiple jurisdictions.

## STANDARD OF REVIEW

¶8    We review a district court's sentence for legality. *State v. Parks*, 2019 MT 252, ¶ 7, 397 Mont. 408, 450 P.3d 889. A sentence is legal if it falls within the parameters set by applicable sentencing statutes and if the sentencing court adheres to the affirmative mandates of those statutes. *Parks*, ¶ 7. "A determination of legality is a question of law which we review de novo." *Parks*, ¶ 7 (citation omitted).

## DISCUSSION

¶9    *Whether Mendoza's sentence on his DUI is illegal due to the District Court's failure to credit him for each day of incarceration from the date he was served with the arrest warrant through the date of the court's imposition of sentence.*

¶10    As we recently discussed in *State v. Killam*, 2021 MT 196, ___ Mont. ___, ___ P.3d ___, despite §§ 46-18-403(1) and 46-9-102(1), MCA, determining whether a defendant is "incarcerated on a bailable offense" has proven confusing and difficult for sentencing

---

(1) All persons shall be bailable before conviction, except when death is a possible punishment for the offense charged and the proof [of the potentially death invoking offense] is evident or the presumption great that the person is guilty of the offense charged.

Whereas, the State defined "bailable offense" as meaning that the offender would be set free if s/he posted bond and then reasoned that had Mendoza posted the bond set in his Lake County case, he would not have been released as he was being held on the Gallatin and Missoula County charges. Under the State's argument, the "bailable offense" referenced in § 46-18-403(1), MCA, would be a different offense than the one for which the defendant is actually being sentenced.

courts.[3] The confusion courts have experienced is evident here from the District Court's remarks at sentencing—"You know what? We're going to let the supreme court sort this out." As our holding in *Killam*—issued simultaneous to this matter—discusses, the Legislature has resolved this confusion with enactment of § 46-18-201(9), MCA (2017), by eliminating sentencing courts' need to determine whether a defendant is incarcerated on a "bailable offense." *Killam*, ¶¶ 16-17.

¶11     Section 46-18-201(9), MCA (2017), provides:

> When imposing a sentence under this section that includes incarceration in a detention facility or the state prison, . . . the court shall provide credit for the time served by the offender before trial or sentencing.

Our holding in *Killam* is controlling and discusses application of § 46-18-201(9), MCA, in determining what credit must be given for pre-sentence incarceration. *Killam*, ¶¶16-17.

¶12     We turn now to the application of § 46-18-201(9), MCA, to Mendoza's case. Mendoza was served with his Lake County arrest warrant on December 5, 2017, which set bond at $25,000. Mendoza never posted the bond and remained incarcerated to July 18, 2019, the date he was sentenced on the Lake County DUI. He is thus entitled to credit, pursuant to § 46-18-201(9), MCA, for each day he was incarcerated from December 5,

---

[3] As we set forth a discussion regarding the confusion and inconsistent approaches courts have used to determine if an offense is bailable in *Killam*, we do not repeat that discussion here.

2017 to sentencing on July 18, 2019, regardless of whether he was also being held in connection with another matter in a different county.[4]

## CONCLUSION

¶13    This matter is reversed and remanded to the District Court to amend the judgment to provide Mendoza credit for each day he was incarcerated from December 5, 2017 to July 18, 2019.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

---

[4] Mendoza's credit for this time is not related to or dependent on any credit he received or did not receive in the Gallatin County and Missoula County matters, but rather is determined solely on the record in his Lake County case.

8