

FILED

11/23/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0547

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0547

_____

RAS JAHMIKES MATTA,

Petitioner,

v.

JIM SALMONSEN, Warden, Montana State
Prison; CAPTAIN LINDAEUR, Facility Manager,

Respondents.

_____

FILED

NOV 2 3 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Representing himself, Ras Jahmikes Matta has filed a twenty-five-page, handwritten Petition for Writ of Habeas Corpus, indicating that he is entitled to more credit for time served. He devotes five paragraphs to this argument. Matta brings forth many claims about why his sentence was illegally imposed in the Thirteenth Judicial District Court, Yellowstone County. He challenges the information in the presentence investigative report (PSI) as materially false and argues that his attorney failed to object. Matta also raises concerns about his safety, given his history and former gang affiliation. Matta seeks his immediate release from prison or to be able to withdraw his guilty plea. He would like to be resentenced with new counsel. Matta includes several attachments, such as the District Court's Order denying his petition for postconviction relief,[1] his counsel's correspondence, and other court documents.

Available electronic records indicate that in July 2020, Matta entered a plea of guilty to felony criminal possession of dangerous drugs in exchange for dismissal of other offenses. The court committed Matta to the Department of Corrections (DOC) for five years. The court also awarded credit for time served from March 24, 2020 through May 24, 2020, and July 13, 2020 through July 22, 2020. He did not appeal.

_____

[1] On November 1, 2021, Matta filed an appeal of the court's denial of his *pro se* petition for postconviction relief. *Matta v. State*, No. DA 21-0539.

Matta contends that he is due other credit for time served from two different proceedings to be applied to his current sentence. He states that he "sat in jail on DC 20-032 out of Yellowstone County for a total of (36) days." He further states that "between December 8, 2020, to January 7, 2020[,] [he] spent (30) days in jail for TK 20-1030 . . . which was ordered to run concurrent to any other charge . . . ." He asserts that, according to *Mendoza* and *Killam*, he should have this time applied to his remaining sentence because "recent case law now establishes that 'any' time spent in pre-trial incarceration should count towards credit . . . ."

Matta includes a copy of the plea agreement from the Yellowstone County District Court. In exchange for his guilty plea, pursuant to § 46-12-211(1)(c), MCA, the State of Montana agreed to dismiss three other counts, to dismiss the persistent felony offender (PFO) designation, and to dismiss Cause No. DC 20-032. Matta also had the option to argue for a partially suspended sentence if he were to complete successfully inpatient treatment. Matta received the benefit of the bargain.

Matta reads our recent decisions too broadly. Moreover, he includes no supporting documentation for his claim of additional credit for time served. We point out that the District Court dismissed his criminal case under Cause No. DC 20-032, pursuant to his plea agreement. We further point out that Matta received credit for time served in his criminal case, Cause No. DC 20-0282, from the District Court. *Killam* and *Mendoza* are both distinguishable from Matta's situation. Both defendant Mendoza and petitioner Killam had received no credit for time served even though they had been held on bail and had posted no bond when they challenged their sentences. *State v. Mendoza*, 2021 MT 197, ¶ 12, 405 Mont. 194, 492 P.3d 509, and *Killam v. Salmonsen*, 2021 MT 196, ¶ 19, 405 Mont. 143, 492 P.3d 512. Matta was released at different times during his proceedings. Matta has not put forth such an argument that he was denied any credit for time served.

Matta's other claims are outside the scope of habeas corpus. "The writ of habeas corpus is not available to attack the validity of the conviction or sentence of a person who has been adjudged guilty or an offense in a court of record and has exhausted the remedy of appeal." Section 46-22-101(2), MCA. His claims concerning the information in the PSI

2

and the lack of objections by his counsel should have been brought in a timely appeal. Because Matta did not appeal, he is procedurally barred from raising such claims here. Matta's various requests for relief cannot be remedied by this writ here. Matta cannot be released on his own recognizance or be resentenced. Section 46-22-101(1), MCA.

Addressing his claims concerning his safety while detained or incarcerated, Matta's remedy is with the DOC. Matta has expressed his concerns to the people holding him, as evidenced by the correspondence from the Valley County Detention Supervisor, his Probation and Parole Officer in Billings and the Deputy Chief for Region IV Probation and Parole Division of the DOC. Matta has no remedy with this Court based on the arguments and information presented. Therefore,

IT IS ORDERED that Matta's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Ras Jahmikes Matta personally.

DATED this 23RD day of November, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

3