ORIGINAL

FILED

06/21/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0184

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0184

MICHAEL DUNNE,

Petitioner,

v.

JIM SALMONSEN,

Respondent.

FILED

JUN 2 1 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Michael Dunne filed a Petition for Writ of Habeas Corpus, alleging that he is due additional credit for time served prior to sentencing, along with the fifty days of credit that the Gallatin County District Court awarded. In compliance with this Court's April 25, 2022 Order, the Attorney General responds that Dunne received all the credit he was due and that his Petition should be dismissed.

Available electronic records indicate that Dunne received three final judgments in about one year. On August 27, 2020, the Eighteenth Judicial District Court, Gallatin County, sentenced Dunne for felony criminal endangerment to the Department of Corrections (DOC) to a five-year term. The court awarded 50 days of credit for time served. Dunne did not appeal this conviction and sentence.

On January 7, 2021, the Fifth Judicial District Court, Jefferson County, sentenced Dunne to the DOC for a five-year term for criminal endangerment and awarded 62 days of credit for time served. The Jefferson County District Court stated that this sentence should run consecutively to the sentence from Gallatin County. Through counsel, Dunne appeals this judgment. *See State v. M. Dunne*, No. DA 21-0092 (Appellee's Response Brief filed on May 19, 2022). On September 30, 2021, the Second Judicial District Court, Butte-Silver Bow County, sentenced Dunne, after a jury found him guilty of felony burglary in August 2021. Dunne received a fifteen-year prison term with five years suspended, and

the court awarded 726 days of credit for time served. The Butte-Silver Bow County District Court ran his sentence consecutively to the sentence from Gallatin County and concurrently with the sentence from Jefferson County. Through counsel, Dunne appeals this judgment. *See State v. M. Dunne*, No. DA 21-0584 (Briefing has not begun).

Dunne frames his argument for additional credit based on the date of the offense, committed on January 23, 2020, until his August 27, 2020 sentencing. He explains that he was charged in both Gallatin and Jefferson Counties and that he was housed in Jefferson and Butte-Silver Bow Counties for other offenses. He states that he was not released from jail. Dunne argues an award of 217 days of credit because he asserts that he is "entitled to credit for time served for any day [he] spent incarcerated, regardless of the county serving a warrant to [him]."[1]

The State responds that Dunne is not due any additional credit for time served. The State points out that while Dunne may have committed the offense on January 23, 2020, in Gallatin County, he was not served with the arrest warrant until July 8, 2020, after Dunne gave notice to the Gallatin County District Court about his incarceration in the Butte-Silver Bow County Detention Center. The State contends that the Gallatin County District Court correctly awarded fifty days of credit for time served from July 8 to August 27, 2020. Sections 46-18-201(9) and 46-18-403(1), MCA. Providing a copy of the sentencing transcript,[2] the State concludes that Dunne has received all the credit he was due.

We find the State's argument persuasive. While Dunne was incarcerated prior to being served with the Gallatin County arrest warrant, the clock does not start until July 8, 2020, for that sentence. Five days later, he had an initial appearance before the Butte-

---

[1] As noted above, Dunne received 62 days on his sentence from Jefferson County and 726 days toward his sentence from Butte-Silver Bow County.

[2] We observe from the court's transcript and final judgment that the Gallatin County District Court ran his sentence "concurrently with any sentence imposed in this Jefferson County case or any sentence imposed in Butte-Silver Bow[.]" However, as Dunne's counsel at the time tried to impress upon the District Court, Dunne had not been sentenced in those other criminal cases. The other sentences run consecutively to Dunne's sentence from Gallatin County.

Silver Bow County Justice of the Peace where bond was set at $50,000, and Dunne remained incarcerated. *See State v. Mendoza*, 2021 MT 197, ¶ 12, 405 Mont. 154, 492 P.3d 509. Dunne cannot receive additional credit for time served on his Gallatin County sentence. Dunne has not demonstrated a facially invalid sentence, and he is not entitled to habeas corpus relief. Section 46-22-101(1), MCA. Therefore,

IT IS ORDERED that Dunne's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to: counsel of record; James Reavis, Appellate Defender; Chad M. Wright, Appellate Defender Division; Steven C. Haddon, Jefferson County Attorney; Eileen Joyce, Butte-Silver Bow County Attorney; and Michael Dunne personally.

DATED this 21st day of June, 2022.

_____

_____

_____

_____

_____
Justices

3