FILED

01/24/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0191

DA 21-0191

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 18N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

CHRISTOPHER PARIS STOCKDALE,

      Defendant and Appellant.

APPEAL FROM:   District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDC 2019-493
Honorable Michael F. McMahon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Karl Pitcher, Attorney at Law, Missoula, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Bree Gee, Assistant Attorney General, Helena, Montana

      Kevin Downs, Lewis and Clark County Attorney, Fallon Stanton, Deputy County Attorney, Helena, Montana

Submitted on Briefs:  January 11, 2023

Decided:  January 24, 2023

Filed:

_____
                    Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Christopher Paris Stockdale appeals from the sentence imposed for his conviction of possession of dangerous drugs with intent to distribute, a felony. Stockdale challenges as illegal the length of the unsuspended portion of his commitment to the Department of Corrections (DOC) and the District Court's failure to award credit toward his sentence for time served prior to sentencing. The State concedes the necessity of resentencing under Stockdale's first argument, and we reverse and remand herein.

¶3 Stockdale was sentenced pursuant to a plea agreement on August 26, 2020, following his sentencing in two revocation proceedings on other sentences. The combined change of plea and sentencing hearing was conducted under COVID cautionary procedures, and Stockdale and his attorney appeared by video from separate locations, upon their consent. Although a written plea agreement had been prepared, it had not been signed and was not submitted to the District Court. Instead, defense counsel explained that she had reviewed the agreement with Stockdale. The District Court expressed reservations about moving forward, but the parties had agreed to a sentencing recommendation and Stockdale wished to proceed. The State had prepared a draft judgment. During the hearing, no discussion was offered by the parties about credit for time Stockdale had served. The

2

District Court sentenced Stockdale to a 20-year commitment to the DOC, with 10 years suspended, and ordered the sentence to run concurrently with the sentences imposed in Stockdale's two revocation proceedings. No credit for time served was awarded for the sentence imposed herein.

¶4 About three months after sentencing, Stockdale filed a pro se Motion to Modify Sentence, which was followed by the filing of a Motion to Correct Judgment by his counsel. Both requested the judgment be amended to award Stockdale credit for time he served prior to sentencing, from October 17, 2019, to August 26, 2020. The State opposed and the District Court denied the request, reasoning it lacked authority under § 46-18-116(3), MCA (2019),[1] to correct the judgment because the judgment was not "factually erroneous" where it correctly reflected the court's action of denying credit. The District Court further reasoned that, even if Stockdale was awarded credit for time served, any time after June 10, 2020, when Stockdale's first revocation sentence was imposed, would not qualify because he was then being held on another sentence.[2]

¶5 Stockdale appeals, and argues the 10-year unsuspended portion of his DOC commitment is illegal under § 46-18-201(3), MCA ("all but the first five years of the

---

[1] Stockdale's offense was committed on October 17, 2019.

[2] The District Court did amend the written judgment to conform to its oral pronouncement recommendation that Stockdale be screened for chemical dependency and placed in an appropriate treatment facility. The State had also opposed Stockdale's separate request for "street time" credit, arguing Stockdale was in continuous violation under his two sentences that were ultimately revoked. That issue is not raised on appeal.

3

commitment to the department of corrections must be suspended.").  The State agrees and concedes that Stockdale must be resentenced.

¶6      Stockdale also argues the District Court erred by failing to award him credit for time served prior to his sentencing on this charge, from October 17, 2019, to August 26, 2020, or 314 days.  He acknowledges his counsel did not request the credit or object to the failure to award it, and thus argues alternatively that, if the issue has been waived, his trial counsel rendered ineffective assistance and there is no reason justifying a failure to request the credit.  The State concedes that Stockdale is entitled to credit for time served.  However, the State argues Stockdale's credit should be limited to the time between October 17, 2019, to June 10, 2020, or approximately 206 days,[3] because Stockdale was then held under his first revocation sentence, and this Court should overrule our decisions requiring a contrary result in *Killam v. Salmonsen*, 2021 MT 196, 405 Mont. 143, 492 P.3d 512, and *State v. Mendoza*, 2021 MT 197, 405 Mont. 154, 492 P.3d 509, despite our clearly stated declination to do so in recent opinions in *State v. Spagnolo*, 2022 MT 228, ¶ 15, 410 Mont. 457, 520 P.3d 330 ("we reaffirm our holding in *Killam*") and *State v. Pitkanen*, 2022 MT 231, ¶ 26, 410 Mont. 503, 520 P.3d 305 ("we again decline to revisit our precedent").  The answer remains, no.

---

[3] In reply, Stockdale states, even under the State's argument, properly calculated, Stockdale would be entitled to 237 days of credit.  However, we conclude Stockdale's argument is correct.

¶7     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶8     Reversed and remanded for resentencing, and inclusion in the judgment of a credit for time served of 314 days.  The District Court may conduct such additional proceedings for resentencing as it deems necessary, in its discretion.

/S/ JIM RICE

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR