FILED

12/17/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0339

DA 23-0339

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 309

STATE OF MONTANA,

     Plaintiff and Appellee,

  v.

TYRONE LEE RISHER,

     Defendant and Appellant.

APPEAL FROM:   District Court of the Third Judicial District,
In and For the County of Powell, Cause No. DC-22-58
Honorable Ray J. Dayton, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          Tammy Hinderman, Appellate Defender, Jeff N. Wilson, Assistant Appellate Defender, Helena, Montana

     For Appellee:

          Austin Knudsen, Montana Attorney General, Katie F. Schulz, Assistant Attorney General, Helena, Montana

          Kathryn McEnery, Powell County Attorney, Patrick Moody, Special Deputy County Attorney, Deer Lodge, Montana

                    Submitted on Briefs:  October 30, 2024

                           Decided:  December 17, 2024

Filed:

                           _____
                                    Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Tyrone Lee Risher appeals from the Third Judicial District Court, Powell County's April 26, 2023 Judgment. Risher appeals the District Court's determination that he was not entitled to credit for time served while he was also serving an underlying sentence.

¶2 We restate the issue on appeal as follows:

> *Whether the District Court erred when it determined that Risher was not entitled to credit for time served.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 In May 2018, Risher began serving a five-year net sentence with the Montana Department of Corrections ("DOC"). In October 2021, Risher was conditionally released to the Butte Prerelease Center ("BPRC"). On February 18, 2022, Risher failed to return to BPRC as required by the terms of the program. A probation and parole officer issued an administrative warrant for Risher's arrest that same day. On February 22, 2022, the State filed a complaint in the Powell County Justice Court charging Risher with escape. The Justice Court issued a warrant for Risher's arrest on the escape charge, which read in relevant part:

> As Defendant is held in custody on an unrelated matter, Defendant is not a flight risk nor a risk to society—*after an initial appearance Defendant is released on his own recognizance for the Escape charge* but held for his underlying sentence with the Department of Corrections.

(Emphasis added.) The Justice Court warrant was immediately entered into the Criminal Justice Information Network ("CJIN") database maintained by the Department of Justice

2

and the Offender Management Information System ("OMIS") managed by DOC. The warrant remained in those databases until August 4, 2022.

¶4 On April 29, 2022, probation and parole located Risher, issued a field warrant, and arrested him. At the time of his arrest, Risher was only served with the probation and parole field warrant. Risher was held in the Butte-Silver Bow County Detention Center under DOC administrative procedures until he could be returned to the Montana State Prison ("MSP"). On May 24, 2022, Risher had an initial appearance before the Powell County Justice Court via video conferencing. At his initial appearance, the Justice Court "released [Risher] on his own recognizance for the Escape charge but held [him] for his underlying sentence with [DOC]."

¶5 Risher was convicted of felony escape in District Court on March 6, 2023. Upon his conviction, the District Court remanded Risher to the custody of DOC pending sentencing but it did not specify whether Risher remained released on his own recognizance pursuant to this case. On April 25, 2023, the District Court sentenced Risher to 30 months in DOC custody to run consecutive to the sentence he was already serving. The District Court denied Risher's request for credit for time served because "he was incarcerated and serving time on an underlying sentence the entire time this case was pending; and he was never held on the restriction of bail."

## STANDARD OF REVIEW

¶6      "A district court's calculation of credit for time served is reviewed for legality and we exercise de novo review." *State v. Crazymule*, 2024 MT 58, ¶ 8, 415 Mont. 536, 545 P.3d 66.

## DISCUSSION

¶7      *Whether the District Court erred when it determined that Risher was not entitled to credit for time served.*

¶8      Risher asserts that he is entitled to 336 days of credit for time served—the time from his initial appearance to his sentencing date. The State contends that Risher is not entitled to any credit for time served because "Risher [was] not served with the justice court warrant, [and] the warrant itself set no bail and ordered that Risher would be released on his own recognizance given his status as a DOC inmate."[1]

¶9      Two statutes govern a district court's calculation of credit for time served. Section 46-18-403(1)(a), MCA, titled "Credit for Incarceration Prior to Conviction," provides:

> A person incarcerated on a bailable offense against whom a judgment of imprisonment is rendered must be allowed credit for each day of incarceration prior to or after conviction, except that the time allowed as a credit may not exceed the term of the prison sentence rendered.

Although this language has governed the calculation of credit for time served since its passage in 1967, the phrase "incarcerated on a bailable offense" has proven "confusing and difficult for sentencing courts." *Killam v. Salmonsen*, 2021 MT 196, ¶ 15, 405 Mont. 143, 492 P.3d 512.

---

[1] The warrant stated that Risher was to be released on his own recognizance "after an initial appearance."

4

¶10 To clarify the calculation process, the legislature enacted § 46-18-201(9), MCA, in 2017. It provides:

> When imposing a sentence under this section that includes incarceration in a detention facility or the state prison, . . . the court shall provide credit for time served by the offender before trial or sentencing.

We held that after the enactment of § 46-18-201(9), MCA, the calculation of credit for time served is "based solely on the record of the offense for which the defendant is being sentenced and does not require determination by the court as to whether defendant is also being held on another matter and, if so, which hold is primary." *Killam*, ¶ 17. The sentencing court "must determine the amount of time to credit based on the record relating to the offense for which the defendant is being sentenced on without considering other criminal proceedings or DOC incarcerations or holds." *Killam*, ¶ 17.

¶11 While *Killam* and subsequent cases interpreting § 46-18-201(9), MCA, were intended to simplify the credit calculation process, some ambiguity still remained with the phrase "time served." The State argues that an offender does not "serve time" related to an offense until they are served with an arrest warrant related to that offense. To support this argument, the State cites several cases: *State v. Mendoza*, 2021 MT 197, 405 Mont. 154, 492 P.3d 509; *Dunne v. Salmonsen*, No. OP 22-0184, 409 Mont. 557, 512 P.3d 1178 (June 21, 2022); *Boyland v. Salmonsen*, No. OP 23-0386, 413 Mont. 532, 535 P.3d 1132 (Aug. 29, 2023); *State v. Spagnolo*, 2022 MT 228, 410 Mont. 457, 520 P.3d 330; *State v. Pitkanen*, 2022 MT 231, 410 Mont. 503, 520 P.3d 305; and *Killam*.

5

¶12    In *Mendoza* we held that the defendant, Mendoza, was entitled to have his credit calculated starting from the day he was served with the arrest warrant in the case he was being sentenced on. *Mendoza*, ¶ 12. But our holding in *Mendoza* was in response to the State's argument that Mendoza should only be granted credit starting from a prior sentencing to prevent "double time credit." *Mendoza*, ¶ 5. We did not have the opportunity in that case to consider whether there might be other circumstances that would initiate the calculation of time served. In *Dunne*, we held that the offender, Dunne, was not entitled to time served starting from the date of an offense he committed while incarcerated. *Dunne v. Salmonsen*, No. OP 22-0184, 409 Mont. 557, 512 P.3d 1178 (June 21, 2022). We held Dunne was only entitled to credit calculated from the date he was served with the arrest warrant; but again, our opinion did not foreclose the possibility that there might be other circumstances that would start the calculation period. *Dunne v. Salmonsen*, No. OP 22-0184, 409 Mont. 557, 512 P.3d 1178 (June 21, 2022).

¶13    In *Boyland*, we held that the offender, Boyland, was not entitled to credit for time served for a crime he committed while incarcerated at MSP. *Boyland v. Salmonsen*, No. OP 23-0386, 413 Mont. 532, 535 P.3d 1132 (Aug. 29, 2023). The State argued that Boyland was not entitled to any credit for time served because "there was no warrant for Boyland's arrest." *Boyland v. Salmonsen*, No. OP 23-0386, 413 Mont. 532, 535 P.3d 1132 (Aug. 29, 2023). The State argued that it "did not request an arrest warrant or summons and . . . MSP did not arrest Boyland *or restrict his liberty as a result of the new charges.*" *Boyland v. Salmonsen*, No. OP 23-0386, 413 Mont. 532, 535 P.3d 1132 (Aug. 29, 2023)

6

(emphasis added). Although there was reference to service of a warrant in the discussion, service of the warrant, or the lack thereof, was obviously not an issue in *Boyland*, because there was no warrant to be served in the first place. The issue was whether Boyland's liberty was restricted "as a result of the new charges." *Boyland v. Salmonsen*, No. OP 23-0386, 413 Mont. 532, 535 P.3d 1132 (Aug. 29, 2023).

¶14 Consistent with that rule, we recently held in *Crazymule* that the time served calculation began on the date that the sentencing court gained jurisdiction over the offender and the offender was detained subject to that jurisdiction. *See Crazymule*, ¶ 12. We held that Crazymule was entitled to credit for time served starting from the date that a district court issued a warrant that prevented her from leaving incarceration in another jurisdiction even though she was not served with the warrant until she was transported to a Montana detention center. *Crazymule*, ¶ 12. We held:

> Although Crazymule herself was not served with the warrant until September 3, 2021, the warrant and accompanying revocation petition nonetheless acted as a detainer; indeed, Crazymule was not free to leave tribal detention and was instead transported to Rosebud County jail. It is of no consequence that bond was never posted or Crazymule was serving a period of incarceration for a different offense. The event here triggering the District Court's jurisdiction and its reach over Crazymule was *issuance* of the arrest warrant following the filing of the State's revocation petition with the court.

*Crazymule*, ¶ 12 (emphasis added).

¶15 *Crazymule's* holding comports with the other cases the State cites. Contrary to the State's assertion, *Spagnolo*, *Pitkanen*, and *Killam* do not rely upon service of an arrest warrant for their disposition. We held that Spagnolo was entitled to credit calculated

7

starting on the day he was arrested for failing to appear at his initial appearance, not the day he was served with an arrest warrant. *Spagnolo*, ¶ 9. We held that Pitkanen was entitled to credit starting on the day he was arrested, and our Opinion makes no mention of a warrant. *Pitkanen*, ¶ 6. In *Killam*, not only did we not rest our calculation on the date that a warrant was served, we noted that the State's contention that it was "holding Killam on a no-bail parole violation warrant," rather than a warrant related to the sentencing case, made no difference. *Killam*, ¶ 20. We held that Killam was entitled to credit calculated starting on the day that he was arrested, regardless of the warrant on which he was arrested. *Killam*, ¶ 19.

¶16 Coalescing our precedents and reiterating the fundamental considerations for determining credit for time served, the sentencing court "must determine the amount of time to credit based on the record relating to the offense for which the defendant is being sentenced on *without considering other criminal proceedings or DOC incarcerations or holds*." *Killam*, ¶ 17 (emphasis added). Regardless of whether the warrant is served on the defendant, if the warrant acts as a detainer then "[i]t is of no consequence [whether] bond [is] . . . posted or [the defendant is] serving a period of incarceration for a different offense. The event . . . triggering the [issuing court's] jurisdiction and its reach over [the defendant is] issuance of the arrest warrant." *Crazymule*, ¶ 12.

¶17 Applying those considerations to the present case, there is no dispute that there was an active warrant for Risher's arrest on the escape charge and that the warrant remained active throughout his period of incarceration from the date of his arrest on April 29, 2022,

8

until the Justice Court released him on his own recognizance at his May 24, 2022 initial appearance. The warrant ordered Risher's arrest and detention until his initial appearance. Risher was therefore subject to detention on the escape charge during that period. "It is of no consequence [that Risher] . . . was serving a period of incarceration for a different offense" because the arrest warrant acted as a detainer on Risher's liberty from the date of his arrest until his initial appearance. *Crazymule*, ¶ 12. Therefore, "without considering other criminal proceedings or DOC incarcerations or holds," *Killam*, ¶ 17, Risher is entitled to credit for time served from the date of his arrest on April 29, 2022, until his release on his own recognizance at his May 24, 2022 initial appearance before the Justice Court.

¶18 Risher asserts that he is also entitled to credit for the time he spent incarcerated between his conviction and sentencing. Section 46-18-201(9), MCA, provides than an offender is entitled to "credit for time served by the offender before trial *or* sentencing" (emphasis added). After Risher was convicted on the escape charge, the District Court "remanded [him] to custody of [DOC]." It is not clear from the record whether the District Court remanded Risher to custody on the escape charge or whether he remained released on his own recognizance on that charge, pending sentencing. This matter can be clarified on remand to determine whether Risher may be entitled to credit for time served from his March 6, 2023 conviction to his April 25, 2023 sentencing in addition to the time between his arrest and his initial appearance.

9

**CONCLUSION**

¶19     This matter is reversed and remanded to the District Court to grant Risher credit for time served from the time of his arrest until his release on his own recognizance at his initial appearance and to determine whether Risher may be entitled to credit for time served for the period between his conviction and sentencing consistent with this Opinion.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE