FILED

12/16/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0292

DA 24-0292

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 290N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

CHALON MICHAEL KINHOLT,

       Defendant and Appellant.

APPEAL FROM:   District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC-24-031C
Honorable Heidi J. Ulbricht, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Tammy A. Hinderman, Appellate Defender Division Administrator,
Justin T. Redeen, Assistant Appellate Defender, Helena, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Brad Fjeldheim,
Assistant Attorney General, Helena, Montana

          Travis R. Ahner, Flathead County Attorney, Ashley S. Frechette,
Deputy County Attorney, Kalispell, Montana

Submitted on Briefs:  November 19, 2025

Decided:  December 16, 2025

Filed:

                          _____
                                  Clerk

Justice Katherine Bidegaray delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Chalon Michael Kinholt appeals the Flathead County District Court's calculation of credit for time served following his conviction for felony DUI.  The District Court awarded Kinholt 59 days of credit (one day for his original arrest and 58 days for the period between the date that Flathead County filed a felony Information and served him with an arrest warrant and his sentencing).  Kinholt argues he was entitled to 164 days of credit, asserting that although the justice court released him on his own recognizance the day after his initial arrest, he remained in custody on a Department of Corrections (DOC) parole hold and could not have secured release because that hold was "related to" this DUI.  We affirm.

¶3      On October 9, 2023, a Montana Highway Patrol trooper arrested Kinholt on a misdemeanor DUI (third offense).  The next day, October 10, the justice court released Kinholt on his own recognizance.  Although the misdemeanor charge remained pending for a short period, the State later dismissed it.  No Flathead County charge, warrant, or judicial restraint remained after the recognizance release on October 10, and the subsequent dismissal of the misdemeanor later that month did not alter his custodial status.

¶4      After his release in this case, Kinholt remained in custody solely because the DOC maintained a parole violation hold based on a prior judgment from another county.

2

The record shows no Flathead County authority restraining his liberty between October 10, 2023, and January 24, 2024.

¶5 On January 24, 2024, the State filed an Information charging felony DUI (fourth or subsequent offense) arising from the same October conduct. The District Court issued an arrest warrant that was served on Kinholt that same day, bringing him back into Flathead County custody for this offense. He remained incarcerated from January 24 until his March 21, 2024 sentencing hearing, resulting in 58 days of custody attributable to this case.

¶6 At sentencing, the District Court awarded 59 days of credit: 1 day for the initial October 9 arrest, and 58 days from January 24 (felony arrest and attachment of jurisdiction) through March 21 (sentencing). Kinholt argues he was entitled to the entire 164 days from October 9 through March 21 because he was continuously incarcerated.

¶7 We review a district court's calculation of credit for time served de novo for legality. *State v. Pennington*, 2022 MT 180, ¶ 18, 410 Mont. 104, 517 P.3d 849.

¶8 Under § 46-18-201(9), MCA, a sentencing court must credit time served on the offense for which the defendant is being sentenced. In *State v. Risher*, 2024 MT 309, ¶¶ 10-17, 419 Mont. 395, 560 P.3d 1203, and *Killam v. Salmonsen*, 2021 MT 196, ¶ 17, 405 Mont. 143, 492 P.3d 512, the Court made clear that jail credit begins only when (1) the sentencing court's jurisdiction has attached, and (2) the defendant is detained subject to that jurisdiction. Custody attributable to DOC parole holds or other criminal proceedings is not credited. *Killam* expressly instructs sentencing courts not to consider custody attributable to "other criminal proceedings or DOC incarcerations or holds" when determining credit.

¶9 Under *State v. Parks*, 2019 MT 252, ¶¶ 9-10, 397 Mont. 408, 450 P.3d 889, a defendant released on bond or on recognizance does not accrue jail credit absent ongoing restraint by the charging jurisdiction. Applying these principles, (1) Flathead County no longer restrained Kinholt after the justice court released him; and (2) DOC's subsequent parole hold, imposed for a prior sentence, was legally independent of the Flathead County DUI matter. Jurisdiction in this DUI case reattached when Flathead County filed the felony Information and served the arrest warrant on January 24. From that point forward, Flathead County—not DOC—again restrained Kinholt's liberty in this matter. The period from January 24 through March 21 totals 58 days (calculated inclusive of January 24 and exclusive of the sentencing date); adding the 1 day from the October 9 arrest yields the 59 days the District Court awarded.

¶10 Because the record clearly shows that Kinholt was not detained for the Flathead County DUI during the parole-hold period, the District Court correctly interpreted and applied § 46-18-201(9), MCA, and controlling precedent.

¶11 Having reviewed the full record and the parties' briefs, we conclude that the District Court correctly applied settled Montana law. This appeal raises no constitutional or novel issues and is controlled by existing precedent. Kinholt has not met his burden of persuasion.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶13   Affirmed.

/S/ KATHERINE M. BIDEGARAY

We Concur:

/S/ CORY J. SWANSON
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ JIM RICE